**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO RODRIQUEZ-VASQUEZ,
a/k/a Roberto Rodriguez-Martinez,
a/k/a Blas R. Valdez, a/k/a Blas
Rincon-Valdez, a/k/a Rogelio Medina,
a/k/a Francisco Valdez, a/k/a Miguel
Rincon-Valdez,

    Defendant - Appellant.

No. 97-4139

(D.C. No. 97-CR-95)

(D. Utah)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Roberto Rodriguez-Vasquez pled guilty to one count of violating 8 U.S.C. § 1326, reentry of a deported alien. Defendant appeals a sentence enhancement imposed pursuant to 8 U.S.C. § 1326(b)(2) for illegal reentry after a prior deportation following a conviction for an aggravated felony.

In February of 1996, Defendant was charged and convicted of a second-degree felony, namely, violating Utah Code Annotated § 58-37-8(1)(a)(ii) by knowingly and intentionally distributing cocaine. Defendant does not challenge, nor can there be any serious question, that distribution of a controlled substance is a felony under both federal and Utah state law and therefore qualifies as an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(B) and 1326. See 21 U.S.C. § 841(a)(1); Utah Code Ann. § 58-37-8(1)(a)(ii). Instead, Defendant argues that he was convicted of distributing what he claims was a counterfeit substance and his penalty under state law is a misdemeanor, not a felony.

This is not the proper forum for Defendant to challenge the validity of his underlying state conviction. See Custis v. United States, 511 U.S. 485, 496-97 (1994); United States v. Simpson, 94 F.3d 1373, 1380 (10th Cir.), cert. denied, __ U.S. __ , 117 S. Ct. 411 (1996). Because Defendant does not complain of a violation of the right to counsel or in any other way challenge the constitutionality of his state conviction, we affirm Defendant's 8 U.S.C. § 1326

sentence and conviction.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge